UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **QUINTON HILL** | **CIVIL ACTION NO. 18-878-P** |
| **VERSUS** | **CHIEF JUDGE HICKS** |
| **TRENEISHA HILL, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed by pro se plaintiff Quinton Hill ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on July 5, 2018. He is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. Plaintiff names Assistant District Attorney Treneisha Hill, Judge K. Dorroh, District Attorney James Stewart, and U.S. Marshal Adrion as defendants.

Plaintiff claims that on January 27, 2017, U.S. Marshal Adrion arrested him on a warrant for attempted second degree murder. He claims Adrion searched him and placed him in an unmarked car. He claims Adrion then asked the woman he was with, Latasha Jones, if he could search her apartment. He claims Adrion told Jones that if she did not let him search her apartment, he would arrest her. He claims Jones allowed Adrion to search the apartment. Plaintiff claims the search was a direct violation of the Fourth Amendment

because it was warrantless, and consent was not voluntarily or freely given. Plaintiff claims Adrion also charged him with possession of a firearm by a convicted felon, illegally carrying a weapon, possession of a Schedule IV CDS, possession of a firearm with an obliterated serial number, and possession of marijuana. Plaintiff claims that none of the things were in his possession or close to him at the time of his arrest. He claims he was arrested and detained due to mistaken identity.

Plaintiff claims that on April 27, 2017, ADA Treneisha Hill violated his Fourteenth Amendment rights of due process and equal protection. He claims the alleged victim has signed two affidavits and spoken to Treneisha Hill stating that Plaintiff is not the perpetrator. Plaintiff claims Treneisha Hill has ignored the statements of the victim and continues to prosecute him. He claims Hill did not allow the victim to speak on his behalf during court proceedings.

Plaintiff claims District Attorney James Stewart violated his Fourteenth Amendment rights when he failed to properly train, supervise, and oversee the Assistant District Attorney and the State's actions. He claims Stewart neglected his responsibilities.

Plaintiff claims Judge K. Dorroh has failed to monitor the actions of the State in her court room in violation of the judicial canons. He claims that on August 9, 2017, Dorroh violated his Eighth Amendment rights when she imposed an excessive bail. He claims Dorroh also violated his Fourteenth Amendment rights to due process and equal protection because there was no evidence against him, and she did not allow the victim to take the stand.

Accordingly, Plaintiff seeks to have the charges against him dismissed and to be released from detention.

## LAW AND ANALYSIS

Plaintiff seeks dismissal of the pending state criminal charges and his release. Such relief is not available in a civil rights action. Carson v. Johnson, 112 F.3d 818, 820 (5th Cir.1997). Such relief is available, if at all, in a habeas corpus action, and, since in this instance Plaintiff attacks the lawfulness of the pending state criminal charges, his remedy, if any, is afforded by 28 U.S.C. § 2241, which applies to persons in custody awaiting trial who have not yet been convicted. Stringer v. Williams, 161 F.3d 259, 262 (5th Cir.1998); Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir.), cert. denied, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987) (Section 2254 applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court.' Pretrial petitions are properly brought under § 2241, 'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'); and Robinson v. Wade, 686 F.2d 298, 302–03, 303 n. 8 (5th Cir.1982) ("Robinson's petition is properly considered to arise under 28 U.S.C. § 2241(c)(3), allowing the writ of habeas corpus to petitioners 'in custody in violation of the Constitution,' rather than under 28 U.S.C. § 2254(a), which requires that custody be 'pursuant to the judgment of a state court.' ")

The jurisprudence requires persons seeking such relief pursuant to § 2241 to first exhaust state court remedies before seeking federal intervention. Dickerson, 816 F.2d at

224–225; Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489–90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); Robinson v. Wade, 686 F.2d at 303, n. 8 ("Although section 2241 contains no statutory requirement of exhaustion like that found in section 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation.")

Plaintiff seeks dismissal of the pending charges and his release and as shown above, that relief is not available in a civil rights action. To the extent Plaintiff seeks the dismissal of the pending charges and his release, he fails to state a claim for which relief may be granted pursuant to 42 U.S.C. § 1983.

## CONCLUSION

Therefore, **IT IS RECOMMENDED** that Plaintiff's civil rights claims be **DISMISSED** for failing to state a claim for which relief may be granted pursuant to Section 1983.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED** in chambers in Shreveport, Louisiana, this 19th day of May, 2020.

Mark L. Hornsby
U.S. Magistrate Judge